NOT DESIGNATED FOR PUBLICATION

No. 126,752

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

S.K.,
*Appellant*,

and

K.K.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed December 13, 2024. Affirmed.

*Matthew K. Mantyla*, of Wichita, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PICKERING, J.:  S.K. (Mother) appeals the district court's decision to deny her motion to adopt the parenting plan modification proposed by the guardian ad litem (GAL) and her motion for reimbursement for child-related expenses. Mother argues (1) the district court abused its discretion by not finding a material change of circumstances to justify a modification of the parenting plan; (2) the district court erred in finding it did not have subject matter jurisdiction over the issue of reimbursing her for child-related expenses; and (3) the district court abused its discretion in denying Mother's motion for reimbursement. After a careful review of the record, we find no error and affirm.

1

Mother and K.K. (Father) were married in 2005. During their marriage, they had two children: a son born in 2006 and a daughter born in 2008. Father filed for divorce in March 2020. A decree of divorce was entered on April 19, 2021, and the district court granted Father legal custody and primary residency of the two minor children. On May 10, 2021, the court imposed an amended temporary parenting plan for the minor children when the parents were unable to reach an agreement.

On November 12, 2021, the district court ordered a final parenting plan after both parties agreed to adopt the recommendations of the GAL. Due to Mother's involvement with the criminal justice system and her substance abuse issues, the GAL created a three-step parenting plan. Under step one, Father was granted sole legal custody and primary residency of the minor children. Mother was granted four hours per week of supervised parenting time when she was not jailed or incarcerated. In addition, the parenting plan included steps to ensure Mother maintained sobriety and remained law abiding. These requirements included submitting to alcohol urinalysis testing; wearing an alcohol monitoring bracelet; refraining from committing new crimes; remaining in compliance with the terms of probation, parole, bond conditions, diversion, and/or supervised release; completing substance abuse treatment; participating in individual therapy and following her therapist's recommendations; and working with the children's therapist to reintegrate with the minor children.

On step two of the plan, Mother's parenting time increased to eight hours per week of supervised parenting time. Step two of the plan contained similar requirements as step one in an effort to work toward reintegration. If Mother reached step three of the parenting plan, Mother and Father would have joint legal custody of the minor children, Father would have primary residency, and Mother would have increased parenting time.

The parenting plan provided that Mother would revert to step one of the plan if the district court made certain findings, including if she committed a new crime; violated the terms of probation, parole, bond conditions, diversion, and/or supervised release; consumed alcohol; failed or refused a drug test; or was found materially noncompliant with the parenting plan.

On February 7, 2022, Mother filed a motion to modify the supervisor of her supervised visitation. Rather than have the visitation supervised by a court services officer, Mother requested that visitation be supervised by her mother (Grandmother). In support of her request, Mother gave a list of times when Father allowed Mother to have unsupervised visitation. After receiving a report from the GAL and holding a hearing, the district court denied Mother's request. The court specifically noted that Mother had not yet met all of the requirements of step one of the parenting plan and there was no material change in circumstances to justify the change.

On June 23, 2022, the GAL filed a report confirming that Mother had met the requirements of step one and was ready to move to step two of the plan. In addition, the GAL recommended a few minor changes to the plan, including a change allowing Mother unsupervised visitation with the children. In support, the GAL noted that the older child had started driving, and he could provide transportation to and from visits with Mother. The GAL noted that if at any time either child became "reasonably uncomfortable" because of Mother's actions during parenting time, the older child could drive them both back to Father's house. The district court ordered unsupervised visitation and adopted most of the recommendations of the GAL.

On August 27, 2022, Mother was arrested for "DUI, driving with an open container, failure to stop at an injury accident, two batteries on an LEO, aggravated battery on an LEO, sexual battery, and obstruction of a felony warrant service." On September 6, 2022, Father filed a motion to confirm modifications to the parenting plan,

3

moving to revert Mother back to step one of the parenting plan. Father noted that Mother also had a pending probation revocation hearing relating to her previous criminal cases. Father claimed that Mother was entering inpatient treatment and requested that any parenting time during Mother's inpatient treatment should be at his discretion. Finally, Father asked the district court to reauthorize parenting time for four hours per week if and when Mother completed inpatient treatment, successfully resolved the probation revocation, and reestablished bracelet monitoring designed to detect the consumption of alcohol.

On November 22, 2022, the district court entered a journal entry finding Father's motion moot. The district court noted that Mother was found to have violated the terms of her probation, which was revoked, and she was committed to serve the underlying sentences in two criminal cases. Mother served her underlying sentences from October 2022 through January 2023.

On May 10, 2023, after Mother's release from jail, she filed a motion to adopt the GAL's proposed parenting plan modification with additional orders. In that motion, Mother asserted the following changes representing a material change in circumstances since the district court's August 12, 2022 order:

- The youngest child is now driving.
- The youngest child has a boyfriend, and Mother is concerned "there are not appropriate boundaries and/or rules on what level of physical affection is appropriate."
- During the time Mother was in inpatient treatment and/or incarcerated (from September 6, 2022, to September 27, 2022, and from October 27, 2022, to January 27, 2023), the older child made the following charges to Mother's credit card for video games and food:

4

"i. Apple: $1,354.01;

"ii. Blizzard Entertainment: $893.16;

"iii. Uber Eats: $1,148.35;

"iv. Tebex: $18,242.61."

- The credit card charges showed a lack of supervision by Father leading to a pattern of the child binging on video games and unhealthy eating.

- Father and the older child engaged in a physical conflict on or about October 12, 2022; the child was taken into police protective custody and later released back to Father.

The GAL's proposed parenting plan provided that the children spend the night at Mother's house if Father would be out of town for more than 24 hours. The proposed plan also provided that Father should notify Mother within 48 hours before his travel.

On the same day, Mother also filed a motion for reimbursement seeking payment from Father of $21,638 for charges made to her credit card by the parties' older child. In the motion, Mother noted that effective September 30, 2022, Grandmother acted in her capacity pursuant to a general durable power of attorney and thus had the authority to monitor her credit cards. Grandmother filed an affidavit affirming her control of the account. In the affidavit, Grandmother noted that she had a discussion with Father regarding the charges and she attempted to change the password to prevent further charges, but the parties' son "found a way around my attempts."

On May 17, 2023, Father filed a response to both motions. Father opposed the changes to the parenting plan, noting that Mother failed to demonstrate a material change in circumstances. In addition, Father opposed Mother's motion for reimbursement. Father contended that he was not responsible or negligent in allowing their son to charge the credit card because Mother had given her cell phone to the minor child during her incarceration. Father claimed the child made the charges with Mother's phone. Second,

5

Father questioned the district court's jurisdiction to order reimbursement, noting that Mother's claim for reimbursement was "something like a conversion or unjust enrichment claim" rather than a child support claim or request for enforcement of the separation agreement. Father also argued Mother's claim should fail because he did not convert Mother's property nor was he unjustly enriched.

The district court held a nonevidentiary hearing on June 23, 2023. After hearing arguments from both parties and considering comments from the GAL, the district court denied Mother's motion for modification to the parenting plan court, except for the parties' agreed-upon changes if Mother met certain requirements. The court found no material change in circumstances warranted a change in the parenting plan.

The district court also denied Mother's motion for reimbursement. First, the district court found it lacked the authority or jurisdiction "to resolve all claims related to anything touching upon the children." The court found the claim was not related to an ongoing support issue. The court then addressed the merits of the claim. The court found that Grandmother had the power of attorney and the ability to stop the charges, but she did not do so. As a result, the district court found Father was not responsible for the child's charges to the credit card and denied Mother's motion for reimbursement.

ANALYSIS

I.   THE DISTRICT COURT PROPERLY RULED THERE WAS NOT A MATERIAL CHANGE IN CIRCUMSTANCES

Mother argues that the district court abused its discretion by not finding a material changes of circumstances justifying a new parenting plan. Father did not file an appellee's brief. Instead, he filed a notice of intent not to appear. He explained that his notice should

not be construed to mean that the district court's decision was in error or the appeal is meritorious.

*Standard of Review*

The district court is in the best position to make a determination about a child's welfare and best interests. Thus, we generally review a district court's order granting or denying such modification for an abuse of discretion. *State, ex rel. Secretary, DCF v. M.R.B.*, 313 Kan. 855, 861-62, 491 P.3d 652 (2021); *Cheney v. Poore*, 301 Kan. 120, 128, 339 P.3d 1220 (2014). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022).

*Discussion*

A district court's authority to modify an order of custody, residency, visitation, or parenting time is set forth in K.S.A. 23-3218. K.S.A. 23-3218(a) allows the court to modify any prior order of custody, residence, visitation, or parenting time upon a showing of a material change in circumstances. Kansas law does not precisely define what constitutes a "material change in circumstances" to justify modifying child support or child custody orders. That said, we have noted it "requires consideration of a variety of facts and circumstances . . . [and] must be of such a substantial and continuing nature as to make the terms of the initial decree unreasonable. [Citation omitted.]" *In re Marriage of Nelson*, 34 Kan. App. 2d 879, 887, 125 P.3d 1081 (2006). As our Supreme Court has repeatedly stressed: "'When the custody issue lies only between the parents, the paramount consideration of the court is the welfare and best interests of the child.'" *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011).

7

K.S.A. 23-3219(a) requires the party seeking modification to state "with specificity in the verified motion, or in an accompanying affidavit, all known factual allegations which constitute the basis for the change of custody or residential placement." Should the court find "that the allegations set forth in the motion or the accompanying affidavit fail to establish a *prima facie* case, the court shall deny the motion." However, "[i]f the court finds that the motion establishes a *prima facie* case, the matter may be tried on factual issues." K.S.A. 23-3219(a).

On appeal, Mother points to three factual assertions in support of her claim that the district court abused its discretion in failing to find a material change in circumstances: (1) The teenage children are often unsupervised overnight when Father is working out of town; (2) the parties' son spent $21,638.13 on take-out food and video games over a 5-month period; and (3) the parties' daughter is driving and has a boyfriend. Beyond listing these three circumstances, Mother provides little to no argument about how the district court abused its discretion in rejecting her claim of a material change of circumstances.

At the hearing and in its order, the district court addressed each of these claims. First, the district court found that Father's travel schedule and the resulting lack of supervision was not a material change in circumstances from the previous order. Since Father's employment had routinely required him to travel, the circumstances had not changed but remained ongoing. The district court also addressed Mother's concern that the older child spent $21,638.12 with the use of Mother's credit card. Again, the district court found no material change in circumstances, specifically finding that the child "has been unattended and a spendthrift for basically the time that he was old enough to actually spend money, at least my experience is that in having dealt with these parties." Finally, the district court found no material change in circumstances that the younger child was driving and had a boyfriend. The court specifically found that beginning to

8

drive and developing romantic relationships were expected changes of circumstances that every family experiences as children age into their teenage years.

Mother's claim of an abuse of discretion appears to be based solely on her claim that the district court made a statement at the hearing that contradicted its finding that there was no material change in circumstances. In speaking about red flags regarding the children's behavior, the court pointed to the older son's recent spending binge on video games and take-out food, stating:

> "But if you needed, like, one specific incident. If you wanted me to point out to you, hey, Judge, after all you've seen in this case, what's one specific thing you could point at so that it's so blatantly obvious to everybody else in the free world that these kids have major, major problems, what would it be? [The spending spree is] certainly the most recent one. I mean, that's outrageous."

In continuing its comments, the district court again noted concern that the children are often unsupervised, but the court also expressed additional concern about Mother's recent criminal behavior, which included incarceration. The court concluded that recent concerns about the children went beyond its responsibility to put the parenting orders in place. In conclusion, the district court stated:

> "[T]here's been no material change in circumstances. I would argue that the changes have been zero. We're exactly in the same situation as we were before. The kids get no supervision over at [Father's] house because he travels all of the time for work. And [Mother] is a step or two away from getting herself in more trouble with the law or from some sort of outlandish behavior where it doesn't make a whole lot of sense for me to stick . . . with her either.
> "So that's where we are. That's why I'm not changing anything."

Mother supports her claim that the district court's comment that her children have "major problems" contradicts its finding that there was no material change in

circumstances. In support, she cites two unpublished cases: *In re Marriage of Lehner*, No. 96,698, 2007 WL 1667115 (Kan. App. 2007) (unpublished opinion), and *In re Marriage of Wente*, No. 87,299, 2002 WL 35657646 (Kan. App. 2002) (unpublished opinion). These cases, however, provide little to no support for Mother's position. In both *Lehner* and *Wente*, the district court found facts supporting a material change in circumstances after holding evidentiary hearings and modified the custody agreements. On appeal, the arguments in both cases included claims that the facts found by the district court when finding a material change in circumstances contradicted the evidence in the record. *Lehner*, 2007 WL 1667115, at *9-10; *Wente*, 2002 WL 35657646, at *3.

Here, the record confirms that Father struggles to properly supervise the teenage children due to his travel schedule, and Mother has a recent history of addiction to alcohol and her involvement with the criminal justice system. The district court's comments about the struggles facing this family do not contradict its factual findings that Mother failed to show a material change in circumstances because none of the circumstances were unexpected or new. Father's business has always required him to travel, and he continues to leave the children unsupervised. The court noted how the older child had earlier developed a spending habit, which, due to lack of supervision, led to money spent on video games and take-out food, and the children are facing new circumstances as they age into their teenage years. But none of these facts constitute a material change in circumstances.

We find that the district court did not abuse its discretion in denying Mother's request to adopt the GAL's recommendation that the children stay with her when Father planned to be out of town for more than 24 hours.

II. THE DISTRICT COURT DID NOT ERR IN DENYING MOTHER'S REQUEST FOR
REIMBURSEMENT OF CHILD-RELATED EXPENSES

Mother argues that the district court erred in denying her request to be reimbursed for $21,638.12 in charges that one of the children charged to her credit card while the child was in Father's care. Mother first claims the district court erred in finding that it lacked jurisdiction to consider her request for reimbursement. Mother argues that the district court abused its discretion in finding she was not entitled to reimbursement because the district court had previously put the parties on notice that each party would be responsible for luxury items that they wished to provide at their discretion when the children were in their care.

In response to Mother's request for reimbursement, Father filed an answer objecting to Mother's request. In that response, Father claimed the district court lacked jurisdiction because it was more akin to a claim of conversion or unjust enrichment than a claim of child-related expenses.

*Standard of Review*

Whether jurisdiction exists is a question of law subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

*Discussion*

The district court has jurisdiction to modify and enforce child support orders in Kansas. K.S.A. 23-3005. Mother argues her request for reimbursement for child-related expenses involves the ongoing support of the minor children, and thus the district court has subject matter jurisdiction to hear the motion relating to the claim. We disagree with the district court and find the court has subject matter jurisdiction. Although we find the

11

court did have jurisdiction to rule on this issue, an examination of the substance of this motion shows that it fails on the merits of the claim.

In the hearing on Mother's claim for reimbursement of the credit card expenses, the district court found that Grandmother had power of attorney and the ability to stop the charges on the credit card, but she did not do so. The court specifically noted that Grandmother gave the minor child access to the credit card, discovered that the minor child was "misspending the money," and Grandmother "did nothing." As a result, the district court found Father was not responsible for the child's charges to the credit card and thus denied Mother's motion for reimbursement.

Mother cites *In re Marriage of Stephenson and Papineau*, 302 Kan. 851, 358 P.3d 86 (2015), in support of her claim that the district court has broad discretion to fashion reimbursement or an equitable remedy in an unusual situation or circumstance. In *Stephenson*, the child support obligor became eligible for SSDI payments, and the children received a lump sum award from the Social Security Administration while the child support obligor's SSDI application was pending. The child support obligor requested a reimbursement of a child support payment made after the payee had received the lump sum. Our Supreme Court approved of the district court's decision to treat the lump sum as a payment credit at its discretion as long as the remedy was permitted under applicable federal statutes and regulations. 302 Kan. at 877. In doing so, the Supreme Court acknowledged the district court's "discretion to fashion remedies that are in the best interests of the children and also within the boundaries of law and equity." 302 Kan. at 876-77.

We agree that the reasoning found in *Stephenson* provides the district court in this case with discretion to fashion equitable remedies. As noted above, however, if the district court had correctly found that it had discretion to consider and rule on this issue, Mother's argument is unpersuasive. That is, Mother argues that the charges on her credit

12

card relate to the support of her minor child and should be reimbursed by Father. In her original motion, Mother suggested that the charges for video game entertainment went beyond child support obligations and "should have been made according to [Father's] 'discretion' and on his own 'dime.'" On appeal, she argues that she "established a direct connection between the money being spent and used by the child." Mother points to previous comments that each party would be responsible for luxury items that they wished to provide at their discretion when the children were in their care. Although the child made the charges on Mother's card while in Father's care and while Father was supposed to be ensuring the children were fed and cared for, the record shows that the charges were made by the minor child rather than by Father. And, as noted by the district court, Grandmother—who was designated as Mother's power of attorney—had knowledge that the child was making charges on the credit card account and had the ability to stop the charges, but she failed to do so. Under these circumstances, the district court did not err in denying Mother's request for reimbursement.

Affirmed.